**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| PRENTISS CARADINE, II, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:24-cv-01229-HEA |
| | ) |
| KITO BESS, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER FOR PETITIONER TO SHOW CAUSE**

Self-represented petitioner Prentiss Caradine, II petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Because it appears that the Petition is untimely, the Court will order Petitioner to show cause why this action should not be dismissed. Additionally, the Court will deny Petitioner's pending motion. (ECF No. 2).

**I.    Background**

Petitioner prepared the Petition using a court-provided form, as required. It appears he is not currently incarcerated, but was incarcerated in the St. Louis County Justice Center at the time he filed the Petition. Petitioner identifies the challenged judgment as the judgment of conviction for criminal contempt entered by the Family Court of St. Louis County's Domestic Violence Court in case number 22SL-PN02178.

Review of that case on Missouri Case.net shows that the Court entered an order of protection against Petitioner on or about June 23, 2022, and on September 1, 2022, a motion was filed seeking to hold him in criminal contempt for violating the order. On September 23, 2022, the Domestic Violence Court held a hearing on the motion, and entered judgment finding

Petitioner in criminal contempt and sentencing him to serve 1 year in jail. Petitioner did not file a direct appeal.

On June 1, 2024, Petitioner filed a motion to set aside the judgment, and on June 26, 2024, the Court denied it. Petitioner does not aver, nor does it appear, that he sought any other form of direct or collateral review. He filed the instant Petition on August 25, 2024.

**II.     Standard**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires this Court to review a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, and dismiss it if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A judgment becomes final for purposes of § 2244(d)(1)(A) upon expiration of the time for seeking review in the state's highest court. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a direct appeal, judgment becomes final ten days after a sentencing that disposes of all counts pending against the prisoner. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review). *See also* Mo. Sup. Ct. R. 30.01(a), Mo. Sup. Ct. R. 81.04(a).

2

**III.   Discussion**

Petitioner did not appeal the September 23, 2022 judgment of conviction. As a result, judgment became final for purposes of § 2244(d)(1)(A) on October 3, 2022. Petitioner therefore had until October 3, 2023 to file a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. However, he did not file the instant Petition until August 25, 2024. Indeed, the federal statute of limitations is tolled while state collateral proceedings are pending. *See Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005). Here, Petitioner filed a motion to set aside the judgment of conviction, but he did not do so until June 1, 2024, after the federal limitations period had already expired.

In sum, it appears that Petitioner filed the Petition well after the expiration of the applicable statute of limitations. The Court will therefore direct him to show cause within 30 days why the Petition should not be dismissed as untimely. If Petitioner fails to timely comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Petitioner has also filed a handwritten motion titled "Motion Requesting: To Vacate Sentence for time served due to Improper Sentencing on 9-1-22." (ECF No. 2). The date "9-1-22" is an apparent reference to the above-referenced motion to hold Petitioner in criminal contempt. The motion is not entirely comprehensible, but it appears Petitioner may intend to offer argument in support of his § 2254 Petition. Given that Petitioner will be directed to show cause why the Petition should not be dismissed, the motion is nothing upon which relief can be granted, and will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner shall show cause, **in writing and no later than thirty (30) days from the date of this Memorandum and Order**, why the Petition should not be dismissed as untimely.

3

**IT IS FURTHER ORDERED** that Petitioner's motion (ECF No. 2) is **DENIED.**

Petitioner's failure to timely comply with this order will result in the dismissal of this action, without prejudice and without further notice.

Dated this 27th day of November, 2024.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE